UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                    Case No.: 11-77954-ast
EXETER HOLDING, LTD.,                   Chapter 11

                        Debtor.
------------------------------------------------------------X
EXETER HOLDING, LTD.,

                        Plaintiff,
       - against -                       Adv. Pro. No.: 12-8392-ast

AFC REAL ESTATE, LLC,
1.2.3. HOLDING CORP.,
ALAN KASPER, and ELVIRA PALAZZO,

                        Defendants.
------------------------------------------------------------X
1.2.3. HOLDING CORP.,

                        Plaintiff,
       - against -                       Adv. Pro. No.: 12-8393-ast

EXETER HOLDING, LTD.,

                        Defendant.
------------------------------------------------------------X
EXETER HOLDING, LTD.,

                        Plaintiff,
       - against -                       Adv. Pro. No.: 12-8395-ast

FIRST AMERICAN TITLE INSURANCE
COMPANY OF NEW YORK,

                        Defendant.
------------------------------------------------------------X
VERA PALAZZO,

                        Plaintiff,
       - against -                       Adv. Pro. No.: 12-8410-ast

1.2.3. HOLDING CORP., and
EXETER HOLDING, LTD.,

                        Defendants.
------------------------------------------------------------X

## DECISION AND ORDER ABSTAINING FROM HEARING
## AND REMANDING THESE REMOVED ACTIONS

Pending before the Court is the motion by First American Title Insurance Company of New York, defendant in adversary proceeding 12-8395-ast, seeking mandatory and permissive abstention and remand of this action to the New York Supreme Court.  This Court has also *sua sponte* raised whether abstention and remand are appropriate in the other three above captioned adversary proceedings.  For the reasons set forth below, pursuant to 28 U.S.C. §§ 1334(c), (d) and 1452(b) and Federal Rule of Bankruptcy Procedure 5011, this Court will abstain from hearing these removed actions and will remand these actions to the New York Supreme Court to be prosecuted to judgment; however, no party will be allowed to enforce a judgment against the debtor or against property of debtor's bankruptcy estate without first obtaining leave of this Court.

### Background

Prior to the commencement of the main bankruptcy case[1], the debtor, Exeter Holding, Ltd. ("Debtor"), was a party to a number of lawsuits that were pending in the New York State Supreme Court (the "State Court").  In October and November 2012, Debtor removed each of the above captioned actions (the "Removed Actions") to this Court pursuant to 28 U.S.C. § 1452 and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[2]

Three of these Removed Actions – 12-8392-ast, 12-8393-ast and 12-8410-ast – involve a series of interrelated disputes among Debtor, AFC Real Estate, LLC ("AFC"), 1.2.3. Holding

---

[1] This bankruptcy case was commenced by the filing of an involuntary Chapter 11 petition on November 9, 2011 by three petitioning creditors of Debtor; following  status conferences held with the parties, an unopposed Order for Relief was entered by the Court on January 18, 2012. *See* Case No. 11-77954-ast dkt items 1, 22.

[2] Debtor also removed adversary proceeding 12-8391-ast, Exeter Holding, Ltd. v. Columbia Title & Abstract Corp., *et al*.  However, the parties to that action filed statements pursuant to Bankruptcy Rule 7008(a) stating that the action is a core proceeding and consenting to this Court's entry of a final judgment. [Adv. Pro. No. 12-8391-ast dkt items 10, 12] Accordingly, the issues of abstention and remand have not been raised in that action.

Corp. ("1.2.3. Holding"), Alan Kasper ("Kasper") and his wife, Elvira Palazzo (also called Vera Palazzo, "Palazzo"), regarding the priority of liens on and title to real property located at 106 Trafalgar Drive, Shirley, New York (the "Shirley Property") (collectively, the "Shirley Actions").  Debtor and Palazzo each hold mortgages on the Shirley Property which they are each seeking to foreclose.  1.2.3. Holding holds title to the Shirley Property, which it acquired in part from AFC and in part from another entity that is not a party to any Removed Action.  Debtor sued AFC, 1.2.3. Holding, Kasper, and Palazzo seeking to set aside the deed from AFC to 1.2.3. as a fraudulent conveyance (Adv. Pro. No. 12-8392-ast).  1.2.3. Holding is seeking to have Debtor's mortgage declared null and void (Adv. Pro. No. 12-8393-ast).  Palazzo sued 1.2.3. Holding and Debtor to foreclose her mortgage, which she claims has priority over Debtor's mortgage (Adv. Pro. No. 12-8410-ast).

The fourth Removed Action, 12-8395-ast, is unrelated and involves claims by Debtor against First American Title Insurance Company ("First American").  Debtor seeks $320,000 in damages and other relief for First American's alleged failure to disclose the existence of prior liens against three properties located at 728 Berriman Street, Brooklyn, New York; 59-36 161st Street, Flushing, New York; and 61-18 Parson Boulevard, Flushing, New York, resulting in Debtor being deprived of a priority lien position against these properties (the "First American Action").  [Adv. Pro. No. 12-8395-ast dkt item 1, Ex. "1" ¶¶ 4, 7]  Debtor further alleges that it retained First American to record documents necessary to perfect Debtor's mortgage lien, but that First American "failed to timely record the documents" which resulted in Debtor not being named as a defendant in a foreclosure action.  *Id.* at ¶¶ 12-13. Thus, Debtor is claiming, in part, that due to First American's conduct, Debtor was denied the opportunity to challenge the priority or validity

of another party's mortgage lien that was foreclosed, divesting Debtor of an enforceable lien against the subject properties.

This Court scheduled pretrial conferences in each Removed Action for December 5, 2012 (the "Initial Conferences").  At the Initial Conferences, the Court directed counsel for each non-Debtor party to file a brief by January 4, 2013, addressing (1) whether this Court should abstain from hearing the Removed Action(s), and (2) the implications of abstention on the Removed Actions.  The Court directed Debtor to file a response by January 18, 2013.

On January 4, First American filed a brief in support of abstention and remand in the First American Action (the "First American Brief").  [Adv. Pro. No. 12-8395-ast dkt item 10] No other non-Debtor party filed a brief as directed.  On January 18, Debtor filed a brief in opposition to abstention and remand in each Removed Action.[3]

On January 29, First American filed a statement pursuant to Bankruptcy Rule 7008(a) stating that Debtor's claims against it are non-core, and that it does not consent to entry of a final judgment.  [Adv. Pro. No. 12-8395-ast dkt item 15]  To date, no other non-Debtor party has filed a Bankruptcy Rule 7008(a) statement.  Additionally, neither First American nor any other non-Debtor party has filed a proof of claim in Debtor's main bankruptcy case; the bar date to file prepetition claims ran on January 30, 2013.  [Case No. 11-77954-ast dkt item 229]

In each Removed Action, Debtor filed a statement pursuant to Bankruptcy Rule 7008(a) stating that Debtor's claims are core and consenting to entry of final judgment by this Court.

Debtor has filed proposed discovery control plans in all four Removed Actions.[4]

---

[3] *See* Adv. Pro. Nos. 12-8392-ast dkt item 7; 12-8393-ast dkt item 8; and 12-8410-ast dkt item 8 (collectively, the "Shirley Objection"), and 12-8395-ast dkt item 11 (the "First American Objection").

[4] *See* Adv. Pro. Nos. 12-8392-ast dkt items 10, 11; 12-8393-ast dkt items 11, 12; 12-8395-ast dkt items 14, 16; and 12-8410-ast dkt items 11, 12.

## Jurisdiction

This Court has jurisdiction at this juncture over these actions pursuant to 28 U.S.C.

§§ 1334(b) and 157(b)(1), (b)(2)(A) and (b)(3), and the Standing Orders of Reference in effect in

the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012,

but made effective *nunc pro tunc* as of June 23, 2011.  *See Nickless v. Creare, Inc.*, 310 B.R. 478,

484-85 (Bankr. D. Mass. 2004) ("a motion to abstain, whether mandatory or discretionary

abstention, is itself a core matter") (citing cases); *see also In re Hearthside Baking Co., Inc.*, 391

B.R. 807, 811 (Bankr. N.D. Ill. 2008); *In re Finkley*, 203 B.R. 95, 97 (Bankr. N.D. Ill.1996).

## Discussion

### A.      Standards for Mandatory and Permissive Abstention

This Court has previously discussed the legal standard for abstention in several published

decisions.  *See Guretzky v. Wallace*, Case No. 08-75231-ast, Adv. Pro. No. 08-8048-ast dkt item

13-1 (Oct. 27, 2008), *aff'd, Wallace v. Guretzky*, 2009 WL 3171767 (E.D.N.Y. Sept. 29, 2009);

*see also Int'l Tobacco Partners, Ltd.*, 462 B.R. 378 (Bankr. E.D.N.Y. 2011); *In re Horowitz*,

2010 WL 814103 (Bankr. E.D.N.Y. Mar. 1, 2010); *In re Wider*, 2009 WL 4345411 (Bankr.

E.D.N.Y. Nov. 30, 2009).  In each of those cases, this Court permissively abstained from hearing

a dispute because there was a pre-bankruptcy action between the parties pending in state court

that could more efficiently and expeditiously be resolved by the state court.

Here, there are two potential bases under which this Court may abstain from hearing the

Removed Actions: mandatory abstention and permissive abstention.  Abstention is mandatory

under 28 U.S.C. § 1332(c)(2) when the following six factors are satisfied:

> (1) the motion to abstain was timely [filed]; (2) the action is based on a state law
> claim; (3) the action is related to but not arising in a bankruptcy case or arising
> under the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal

jurisdiction; (5) an action is commenced in state court; and (6) that action can be timely adjudicated in state court.

*Int'l Tobacco Partners*, 462 B.R. at 390 (quoting *Lead I JV, LP v. North Fork Bank*, 401 B.R. 571, 579 (E.D.N.Y. 2009)).  Of these six factors, the third factor, whether the action is core or noncore[5], is often the most critical – if the matter is core, mandatory abstention must be denied. *See id.* at 390-91.

      With respect to the sixth factor, whether an action can be timely adjudicated in state court, the Second Circuit Court of Appeals has identified four factors for courts to consider:

> (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580 (2d Cir. 2011); *see BGC Partners, Inc. v. G&E Acquisition Co., LLC*, 2013 WL 238163, at *6 (S.D.N.Y. Jan. 18, 2013).

      Alternatively, this Court may permissively abstain from hearing an action "in the interest of justice, or in the interest of comity with State courts or respect for State law".  28 U.S.C. § 1334(c)(1).  When determining whether to permissively abstain, the Court considers one or more of the following twelve factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core"

---

[5] "Claims that clearly invoke substantive rights created by federal bankruptcy law necessarily arise under title 11 and are deemed core proceedings. In addition, proceedings that, by their nature, could arise only in the context of a bankruptcy case are core. . . . On the other hand . . ., an action is considered related to a bankruptcy proceeding and non-core if the outcome of the litigation might have any conceivable effect on the bankruptcy estate, or has any significant connection with the bankrupt estate." *Int'l Tobacco Partners*, 462 B.R. at 390 n.16 (internal citations omitted).

proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of [the court's] docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*Int'l Tobacco Partners*, 462 B.R. at 392 (quoting *Wider*, 2009 WL 4345411, at *6-7).

"Permissive abstention under Section 1334(c)(1) is within the sound discretion of the bankruptcy court." *In re Abir*, 2010 WL 1169929, at *7 (E.D.N.Y. Mar. 22, 2010); *see In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002); *Wallace*, 2009 WL 3171767, at *2.

Here, First American has sought mandatory and permissive abstention under 28 U.S.C. § 1334(c)(1) and (2), and remand under 28 U.S.C. § 1452(b). The Court also *sua sponte* raised the issues of abstention and remand in the Shirley Actions.[6] The Court will consider abstention and remand in turn.

## B.    Abstention Is Mandated in the First American Action

First American argues that this Court is mandated to abstain from hearing the First American Action pursuant to 28 U.S.C. § 1334(c)(2) because the First American Action is "not a 'core' proceeding." First American Brief at p. 2. Debtor disputes this assertion, arguing that the First American Action is core under 28 U.S.C. § 157(b)(2)(A), (E), (K), and (O) because the Action involves matters concerning administration of the estate; turnover of estate assets; determination of the validity, extent, or priority of liens on property in which the estate has an interest; and liquidation of assets in which the estate has an interest. This Court disagrees.

---

[6] *See In re Wider*, 2009 WL 4345411, at *1-2 (*sua sponte* raising permissive abstention); *see also Whitney Lane Holdings, LLC v. Don Realty, LLC*, 2010 WL 1257879, at *5 (N.D.N.Y. 2010) (same); *In re Northwest Airlines Corp.*, 2007 WL 498285, at *4 n.3 (Bankr. S.D.N.Y. 2007) ("abstention from core proceedings is not only 'permissive' and left to the bankruptcy court's discretion, but may be raised by the court *sua sponte*.").

Having reviewed the Debtor's complaint against First American, the notice of removal, and Debtor's First American Objection, this Court finds no indication of any estate asset in First American's possession, custody or control to be turned over under § 542. Debtor's argument that First American owes a debt to Debtor does not create a right to turnover under § 542. *See*, *e.g.*, *In re Teligent, Inc.*, 325 B.R. 134, 137 (Bankr. S.D.N.Y. 2005) (citing *In re Seatrain Lines, Inc.*, 198 B.R. 45, 50 n. 7 (S.D.N.Y. 1996) ("It is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute.")). Further, it appears from Debtor's complaint that foreclosure of the underlying properties has already occurred, meaning the issue of lien validity, extent, and priority of any recorded mortgages in the First American Action has presumably already been adjudicated by the State Court. *See In re Bay Vista of Virginia, Inc.*, 394 B.R. 820, 838-39 (Bankr. E.D. Va. 2008) (finding claim to be non-core where the property was foreclosed upon prepetition, but denying abstention where there was no pending state court action). In fact, Debtor's primary claim is that First American failed to timely record Debtor's mortgage. Regardless of how the claims are styled, Debtor's claims against First American do not involve property of the estate or lien priority, but rather sound in negligence, breach of contract, and/or breach of duty, which are quintessentially state law causes of action. *See id.*

Accordingly, this Court concludes that the First American Action does not arise in or under the Bankruptcy Code, but is related to Debtor's bankruptcy case as it may have some conceivable effect on the estate. Thus, the First American Action is non-core and the third factor for mandatory abstention is satisfied.

Considering the remaining factors, it is clear that mandatory abstention is warranted. Despite Debtor's assertion to the contrary, First American's Brief was "timely" as required by

this Court at the Initial Conferences, as it was filed by January 4, 2013.  The First American

Action is based solely on state law claims, and 28 U.S.C. § 1334 is the sole basis for jurisdiction

in this Court.  The Action was filed in the State Court before this bankruptcy case was filed, and

remains pending.  In addition, it appears that the First American Action can be timely

adjudicated by the State Court.  Debtor has not pointed to any backlog in the State Court; in fact,

a note of issue[7] was filed by Debtor and First American with the State Court prior to the

commencement of Debtor's bankruptcy case, and the parties were awaiting a trial date.  As

noted, the issues involved are purely state law questions which the State Court is better equipped

to address; Debtor's bankruptcy case is proceeding toward proposal and confirmation of a

Chapter 11 liquidating plan[8]; remanding the First American Action to the State Court will not

prolong the administration of Debtor's estate or delay confirmation of Debtor's plan, as the

dispute between Debtor and First American involves discrete issues that can be resolved as part

of the orderly liquidation of Debtor's estate.  Therefore, this Court determines that the elements

for mandatory abstention under § 1334(c)(2) have been satisfied, and mandatory abstention is

warranted in the First American Action.

Even if abstention was not required under 28 U.S.C. § 1334(c)(2), this Court concludes

that the balance of factors weighs heavily in favor of permissively abstaining from hearing the

First American Action, pursuant to 28 U.S.C. § 1334(c)(1).  In particular, the first, second,

fourth, fifth, sixth, seventh, and eighth factors all weigh in favor of permissive abstention.

Specifically, there will be no significant detrimental effect on the efficient administration of

---

[7] *See* N.Y. C.P.L.R. § 3402 (McKinney 2013); David D. Siegel, Practice Commentary, C3402:1, in N.Y. C.P.L.R. § 3402 (McKinney 2009) ("In New York practice under the CPLR, the filing of a 'note of issue' is the thing that gets the case onto the court's 'calendar' to await trial.").

[8] Debtor's plan has long been described as a liquidating plan. *See* Debtor's Motion to Extend Exclusivity, filed on May 15, 2012, at ¶ 24. [Case No. 11-77954-ast dkt item 84]

Debtor's case if the Court abstains; Debtor has been and will continue to be a party to a number of pending state court actions relating to its portfolio of properties; state law issues predominate and are, in fact, the sole determining legal questions in the First American Action; there is a pending proceeding in the State Court that was awaiting a trial date when Debtor's case was commenced; there is no basis other than 28 U.S.C. § 1334 for this Court to exercise jurisdiction over this purely state law action; and the First American Action is not closely related to the main bankruptcy case but involves a discrete set of state law issues between Debtor and First American.  As noted above, there is no substance to Debtor's assertion that this is a core proceeding; severing the state law claims is easily accomplished as the First American Action involves purely questions of New York law.  Finally, none of the twelve factors weighs strongly against permissively abstaining.

In addition, in its Bankruptcy Rule 7008(a) statement, First American states that it does not consent to this Court entering a final judgment against it, nor has it filed a proof of claim. Absent consent, the authority of this Court to hear and determine this matter is highly suspect. *See Stern v. Marshall*, 564 U.S. ---, 131 S. Ct. 2594, 2606-08, 14-15 (2011); *see also* 28 U.S.C. § 157(c)(1).[9]  Debtor has also not argued that the First American Action can be adjudicated more quickly by the United States District Court for the Eastern District of New York than by the State Court.  Accordingly, this Court concludes that permissive abstention from the First American Action is warranted under 28 U.S.C. § 1334(c)(1).

---

[9] "In a non-core proceeding, absent consent of the parties, the bankruptcy judge may not enter a final order or judgment but may only submit proposed findings of fact and conclusions of law to the district judge who will enter the final order or judgment." FED. R. BANKR. P. 7008 Advisory Committee Notes.

**C.      Permissive Abstention Is Warranted in the Shirley Actions**

Turning to the Shirley Actions, Debtor argues that mandatory abstention is not warranted because these Actions are "core proceeding[s] pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O)" as they "are integral to the adjudication of this Chapter 11 proceeding."  Shirley Objection at p. 7.  As noted above, the non-Debtor parties to the Shirley Actions did not file briefs, nor did they file Bankruptcy Rule 7008(a) statements.[10]  In reviewing Debtor's Shirley Objection, the notices of removal in the Shirley Actions, and the underlying complaints, it is unclear whether estate assets are still in issue or whether Debtor's real property lien was extinguished prepetition. On the record before it, this Court cannot determine whether the Shirley Actions are core or non-core and, thus, cannot determine whether mandatory abstention is, or is not, appropriate.

Further, procedurally, mandatory abstention must be raised by motion of a party and not *sua sponte* by the Court.  *See* 28 U.S.C. § 1334(c)(2) ("Upon timely motion of a party . . . ."); *Whitney Lane Holdings, LLC v. Don Realty, LLC*, 2010 WL 1257879, at *4 (N.D.N.Y. 2010) ("mandatory abstention may not be raised by the court *sua sponte*"); *In re Craft Architectural Metals Corp.*, 115 B.R. 423, 424 (E.D.N.Y.1989).  Accordingly, mandatory abstention is not appropriate, and the Court shall only consider permissive abstention.

With respect to permissive abstention, Debtor asserts that "each and every one of these twelve factors warrants denial of permissive abstention" in the Shirley Actions.  Shirley Objection at p. 10.  This Court disagrees.  The weight of the factors – in particular the first, second, fourth, fifth, sixth, eighth, and twelfth factors – supports permissively abstaining from hearing the Shirley Actions.  Specifically, this Court finds there will be no significant detrimental

---

[10] This Court does not reach the issue of whether the non-Debtor parties have impliedly consented to this Court's entry of a final judgment in the Shirley Actions, given their failure to file the Bankruptcy Rule 7008(a) statements as ordered by this Court.

effect on the efficient administration of Debtor's case if the Court abstains; the Shirley Actions appear to be ongoing in the State Court and Debtor was actively pursuing the Actions prepetition; state law questions of priority and constructive fraud predominate the Shirley Action; there are pending proceedings in the State Court; there is no basis other than 28 U.S.C. § 1334 for this Court to exercise jurisdiction; the Shirley Actions are not closely related to the main bankruptcy case but involve discrete questions of state law; and severing the state law claims is easily accomplished as the Shirley Actions involve only questions of New York law. In addition, none of the twelve factors weighs strongly against abstaining.

Finally, there are numerous non-Debtor parties present in the three Shirley Actions, and none of these non-Debtor parties have affirmatively consented to this Court entering final judgment, nor has any non-Debtor party filed a proof of claim.  Further, in adversary proceeding 12-8410-ast, *Palazzo v. 1.2.3. Holding Corp, et al.*, there are non-Debtor parties as both plaintiff and defendant who have asserted claims against each other; this Court's authority to enter final judgment on these non-debtor versus non-debtor claims is highly suspect.  *See Stern*, 131 S. Ct. at 2594; *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995) ("bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor"); *In re Extended Stay Inc.*, 418 B.R. 49, 58-59 (Bankr. S.D.N.Y. 2009); *In re Tower Automotive, Inc.*, 356 B.R. 598, 602-03 (Bankr. S.D.N.Y. 2006).  Accordingly, permissive abstention for the Shirley Actions is warranted under § 1334(c)(1).

**D.      Remand of These Removed Actions Is Proper Under § 1452(b)**

Having determined that abstention is warranted in each of the Removed Actions, the Court must consider the procedural impact, if any, of removal of these Actions to this Court. Debtor removed these actions to this Court pursuant to 28 U.S.C. § 1452(a), which provides:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a) (2011); *see also* FED. R. BANKR. P. 9027.  First American seeks remand to the State Court pursuant to 28 U.S.C. § 1452(b), which provides that in an action removed to the bankruptcy court, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

 First, remand is both permissible and advisable where a removed action was pending in state court prepetition and where the federal court has determined to abstain.  *See*, *e.g.*, *Parmalat*, 639 F.3d at 582; *BGC Partners*, 2013 WL 238163, at *6-7; *Lead I JV, LP*, 401 B.R. at 585-87; *In re New 118th LLC*, 396 B.R. 885, 892-93 (Bankr. S.D.N.Y. 2008).  Second, in considering a remand request, courts generally apply the same test to determine whether to remand an action "on any equitable ground" under 28 U.S.C. § 1452(b) as is applied to determine whether to permissively abstain under 28 U.S.C. § 1334(c)(1).  *See Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011) ("The two inquiries are essentially the same and are often analyzed together."); *Whitney*, 2010 WL 1257879, at *7; *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, 396 B.R. 602, 607 (S.D.N.Y. 2008).  Accordingly, when a court has determined to permissively abstain from a removed action, remand of the action back to the state court from which the action was removed is generally the appropriate outcome.  *See Little Rest Twelve*, 458 B.R. at 60-61.

### 1.    Remand of the First American Action

First American seeks remand to the State Court under 28 U.S.C. § 1452(b), arguing in its Brief that "where an action is removed pursuant to 28 U.S.C. § 1452(a) and the court refuses to exercise jurisdiction pursuant to mandatory or permissive abstention, the court may remand the

matter to the state court pursuant to 28 U.S.C. § 1452(b)." First American Brief at p. 4. Debtor opposes remand both on the ground that First American's request was untimely and because Debtor believes that "speedy resolution of this case is absolutely essential to the confirmation of a plan of reorganization." First American Objection at p. 8.

Section 1452(b) authorizes the Court to remand a Removed Action "on any equitable ground." When a general civil proceeding has been removed to federal court, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days." 28 U.S.C. § 1447(c); *see Mitskovski v. Buffalo & Fort Erie Public Bridge Auth.*, 435 F.3d 127, 131-32 (2d Cir. 2006). However, this thirty-day deadline to seek remand under § 1447(c) is inapplicable to a request for remand from the bankruptcy court "on any equitable ground" under § 1452(b). *See New 118th LLC*, 396 B.R. at 893 n.7 ("The § 1447(c) time limit does not, however, apply to remand motions under § 1452."); *In re Refco, Inc.*, 354 B.R. 515, 520 (B.A.P. 8th Cir. 2006) (relying on *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)); *In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 939 (Bankr. E.D. Cal. 1997). Here, First American timely sought remand pursuant to § 1452(b) in accordance with the deadline set by the Court at the Initial Conferences.

Turning to the substance of First American's request, this Court has already determined that abstention is mandated under § 1334(c)(2) and is permissible under § 1334(c)(1). The application of the permissive abstention factors, incorporated here, also supports equitable remand of the First American Action to the State Court. Additionally, remand to the State Court will expedite the resolution of the First American Action.

In its Objection, Debtor generically argues that it needs a "speedy resolution" of this Action to confirm its plan[11]; First American also appears to seek an expeditious resolution by timely seeking abstention and remand.  This Court concludes that the best means to achieve a "speedy resolution" of the First American Action for both Debtor and First American is for this Court to remand the action to the Supreme Court of the State of New York, County of Queens, where that court can act on Debtor and First American's joint prepetition request for a trial date.

### 2.    Remand of the Shirley Actions

Turning to the Shirley Actions, Debtor again argues that any request for remand is untimely.  However, this Court can and has raised *sua sponte* the issue of remand under § 1452(b) in the Shirley Actions, and the issue is therefore both timely and appropriately before this Court.  *See In re Bisno*, 433 B.R. 753, 758 (Bankr. C.D. Cal. 2010); *In re Ciclon Negro, Inc.*, 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001).

Debtor also argues that remand of the Shirley Actions is not appropriate because judicial economy would be served by not remanding these Actions and that retaining jurisdiction would provide a single forum for these Actions and would prevent the non-Debtor parties from taking inconsistent positions.  Shirley Objection at pp. 10-11.  However, Debtor has failed to explain why it did not, or could not, seek consolidation of the Shirley Actions, all of which were pending in the New York Supreme Court, County of Suffolk, prior to the commencement of Debtor's bankruptcy case.  As noted above, permissive abstention is appropriate for the Shirley Actions;

---

[11] Debtor will be proposing a liquidating plan that calls for ongoing liquidation of its portfolio of real estate assets, which consists primarily of promissory notes not owned real properties; significant litigation will continue post-confirmation, including a number of pending adversary proceedings not addressed by this Decision, one of which (12-8401-ast) was filed on October 23, 2012, by the Official Committee of Unsecured Creditors and which seeks $29 million in damages from nearly 100 defendants named in an 87-page complaint. Debtor does not make a compelling argument as to how resolution of the First American Action can occur prior to confirmation or, more importantly, why such resolution is critical to Debtor's ability to confirm a liquidating plan.

that analysis, incorporated here, equally and equitably compels remand of the Shirley Actions to the New York Supreme Court, County of Suffolk, for adjudication.

**Conclusion**

For the foregoing reasons, it is hereby

**ORDERED**, that with respect to the First American Action, 12-8395-ast, this Court concludes that abstention is mandated under 28 U.S.C. § 1334(c)(2); this Court further concludes that permissive abstention is warranted under § 1334(c)(1); accordingly, this Court will remand the First American Action to the New York Supreme Court, County of Queens, pursuant to 28 U.S.C. § 1452(b) and Bankruptcy Rule 5011(c), and as provided herein; and it is further

**ORDERED**, that with respect to the three Shirley Actions – 12-8392-ast, 12-8393-ast and 12-8410-ast – this Court concludes that permissive abstention is warranted under § 1334(c)(1), and therefore this Court will remand those actions to the New York Supreme Court, County of Suffolk, pursuant to § 1452(b) and Bankruptcy Rule 5011(c), and as provided herein; and it is further

**ORDERED**, that all parties to the Removed Actions are hereby authorized to return to the respective State Court handling each Removed Action to prosecute such Action through to judgment on the merits, and any appeals therefrom; however, no party to a Removed Action will be allowed to enforce a judgment against Debtor or against property of Debtor's bankruptcy estate without first obtaining leave of this Court; and it is further

**ORDERED**, that all unexpired deadlines in this Court's Initial Adversary Scheduling Orders issued in each Removed Action are hereby vacated; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon Debtor and all other parties to each of the above captioned adversary proceedings, and upon the Office of the United States Trustee.



Dated: March 14, 2013
      Central Islip, New York

                                                                  **Alan S. Trust**
                                       **United States Bankruptcy Judge**